Michael L. Rodenbaugh (California Bar No. 179059)
Marie E. Richmond (California Bar No. 292962)
RODENBAUGH LAW
25435 Hutchinson Road
Los Gatos, CA 95033
Tel./Fax: (415) 738-8087

*Attorneys for JEFFERY BLACK*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY DEAN BLACK, | Case No.: 5:17-cv-06734-LHK |
| Plaintiff, | **PLAINTIFF'S REQUEST FOR CLARIFICATION CONCERNING COURT ORDER [DKT. NO. 172]** |
| vs. | |
| IRVING MATERIALS, INC., | |
| Defendants. | Hon. Lucy H. Koh |
| IRVING MATERIALS, INC., | |
| Counter-claimant, | |
| v. | |
| JEFFERY DEAN BLACK, an individual, and DOES 1-10, inclusive, | |
| Counter-Defendants. | |

Pursuant to the Court's Order, at Docket No. 172 ("Order"), Plaintiff and Counter-Defendant Jeffery Dean Black ("Mr. Black") respectfully requests further clarification concerning Mr. Black's claim for declaratory relief pursuant to 15 U.S.C. § 1114(2)(D)(v) and hereby states:

**1.      Request For Clarification Concerning Mr. Black's Claim For Reverse Domain Name Hijacking Pursuant To 15 U.S.C. § 1114(2)(D)(iv)**

Of course, Mr. Black does not dispute that the Court granted Defendant and Irving Materials, Inc.'s ("Irving") motion for summary judgment as to Mr. Black's claim for reverse domain name hijacking pursuant to 15 U.S.C. § 1114(2)(D)(iv).

However, on Tuesday, June 11, 2019, the Court addressed Mr. Black's claim for reverse domain name hijacking ("RDNH") pursuant to 15 U.S.C. § 1114(2)(D)(v).[1] During discussions with counsel concerning the final revised jury instructions, the Court asked Mr. Black's counsel how it would satisfy the second element[2] of an RDNH claim given the Court's previous order:

> So the question I had for Plaintiff's counsel, the reason to exclude your proposed instruction is that because you have succeeded in keeping out the UDRP proceeding

---

[1] 15 U.S.C. § 1114(2)(D)(v): A domain name registrant whose domain name has been suspended, disabled, or transferred under a policy described under clause (ii)(II) may, upon notice to the mark owner, file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this chapter. The court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant.

[2] To prevail on a claim under that statute "requires a plaintiff to prove four elements: (1) plaintiff is a domain name registrant; (2) plaintiff's domain name was 'suspended, disabled, or transferred . . . (3) the trademark owner prompting the domain name to be transferred 'has notice of the action;' and (4) plaintiff's use or registration of the domain name is not unlawful." *AIRFX.com v. AirFX LLC,* 2011 WL 5007919, at *2 (D. Ariz. Oct. 20, 2011) (*citing Ricks [v. BMEzine.com, LLC*], 727 F.Supp.2d [936,] 959 [(D. Nev. 2010)] (*quoting Barcelona.com, Inc. [v. Excelentisimo Ayuntamiento de Barcelona]*, 330 F.3d [617], 626 [(4th Cir.2003)].

results, how can you prove element 2, which is that Mr. Black's Domain Name was suspended, disables, or transferred to t Irving's Complaint?

(Transcript of Proceedings Before the Honorable Lucy H. Koh United States District Judge, dated June 11, 2019, p.270: 19-24).  Mr. Rodenbaugh responded that Mr. Black testified to that issue the previous day.[3] After some discussion, the Court clarified that it would be including a jury instruction concerning reverse domain name hijacking pursuant to subsection (v):

> THE COURT:  Oh, I see.  All right.  So you feel like you've satisfied it.  Okay.  I mean, that was my main concern with including this particular instruction.  But if you feel like you can satisfy that second element without undoing the Court's order precluding the UDRP proceeding results, then I guess I'm fine with adding that back in.

---

[3] Mr. Black testified to this issue on June 10, 2019:

> MR. BLACK: And I was working on -- with somebody to get a new domain up -- a new website up and running.  I was going through due diligence for getting venture capital funding on the company.
>
> And all of a sudden, I couldn't do anything because when they filed a complaint, it turns out there's some crazy rule that when you file a complaint, somebody gets to freeze your DNS, they get to freeze your website, they get to freeze everything.
>
> (Transcript of Proceedings Before the Honorable Lucy H. Koh United States District Judge, dated June 10, 2019, p.254: 20-25).

And again on June 11, 2019:

> MR. BLACK: I'm sorry.  There was a complaint out of the blue from Irving Materials and their attorneys.
>
> MR. RODENBAUGH: And did that result in any activity by your domain name registrar?
>
> MR. BLACK: Yes.  Any time there's a complaint, the way the system works, if somebody makes a complaint, they attempt to freeze your domain in place so you can't really do much with it.  You can't sell it, you can't move it, you can't do a lot of things.
>
> (Transcript of Proceedings Before the Honorable Lucy H. Koh United States District Judge, dated June 11, 2019, p.301: 18-25)

PLAINTIFF'S REQUEST FOR
CLARIFICATION CONCERNING
COURT ORDER

3

Case No. 5:17-CV-06734-LHK

MR. RODENBAUGH:  Okay.

MS. WIRTSCHAFTER:  Your honor, may I ask, to be clear, which instruction are you adding back in?  The one for reverse domain name hijacking?

MR. RODENBAUGH:  Under subsection little (v)?

THE COURT:  Under (v), not (iv).

(Transcript of Proceedings Before the Honorable Lucy H. Koh United States District Judge, dated June 11, 2019, p.271:16-272:2).  The Court concluded: "Oh, I see. Okay. That's fine. So that will come back in, 1114(2)(d)(5) instruction, not (iv), since (iv) has been excluded." (Transcript of Proceedings Before the Honorable Lucy H. Koh United States District Judge, dated June 11, 2019, p.272: 20-23).

Relying on this exchange with the Court, in good faith, Plaintiff's counsel submitted an objection to the proposed Verdict Form, requesting that the Verdict form include a question concerning reverse domain name hijacking pursuant to 15 U.S.C. § 1114(2)(D)(v). (ECF No. 170).  Therefore, Plaintiff's counsel feels he has been admonished and threatened with sanctions unfairly in last night's Order, given the court's apparent ruling yesterday morning.  Of course, Mr. Black is not relying on the claim under subsection (iv) that was dismissed; but does wish to rely on the claim under subsection (v) as apparently was allowed by the court.  In compliance with the later Order, counsel currently does not intend to mention subsection (v) either, unless the court clarifies that will be allowed.

**2.    Request For Clarification Concerning Irving's Claim of Unclean Hands As A Defense To Mr. Black's Defense Of Laches**

Plaintiff additionally requests clarification on the Court's decision concerning whether Irving's claim of unclean hands will be presented as a defense to a defense therefor warranting a separate jury instruction and separate question on the Verdict Form.  On June 11, the Court stated:

> Okay. Then Let Me Also Ask, I Was Persuaded By What You Said About Unclean Hands, That That Really Isn't An Element Of Your Defense, It's Really A Defense To The Defense.
>
> So You Want A Separate Instruction On Unclean Hands, Which I Think Sounds Fair, Because Combining It Makes It Look Like It's An Element Of Your Defense.

(Transcript of Proceedings Before the Honorable Lucy H. Koh United States District Judge, dated June 11, 2019, p.272:24 - 273:4).

Accordingly, Mr. Black respectfully requests a clarification from the court concerning these issues and requests that: (1) the Court include a question on the Verdict Form addressing Plaintiff's claim for RDNH pursuant to 15 U.S.C. § 1114(2)(D)(v); and, (2) the Court include a question on the Verdict Form addressing Irving's claim of unclean hands.

RESPECTFULLY SUBMITTED,

Dated:  June 12, 2019              RODENBAUGH LAW

/s/ *Mike Rodenbaugh*

Michael L. Rodenbaugh (179059)
Marie E. Richmond (292962)

*Attorneys for Plaintiff and Counter-defendant Jeffery Dean Black*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

By: /s/ Marie Richmond
Marie Richmond
California Bar No. 292962