UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFERY DEAN BLACK, | Case No. 17-CV-06734-LHK |
| Plaintiff, | **ORDER DENYING JEFFERY DEAN BLACK'S MOTION FOR ADDITIONAL FINDINGS** |
| v. | |
| IRVING MATERIALS, INC., | Re: Dkt. No. 205 |
| Defendant. | |

Plaintiff and Counterdefendant Jeffery Dean Black ("Black") filed the instant lawsuit against Defendant and Counterclaimant Irving Materials, Inc. ("Irving"). Before the Court is Black's motion for additional findings. ECF No. 205. For the reasons discussed below, the Court DENIES Black's motion for additional findings.

## I.   BACKGROUND

In the instant case, Black asserted a claim for declaratory relief that Black lacked bad faith and thus did not violate the Anti-Cybersquatting Consumer Protection Act ("ACPA") pursuant to 15 U.S.C. § 1114(2)(D)(v). ECF No. 199 at 15–16. Black also initially asserted a claim for reverse domain name hijacking in violation of 15 U.S.C. § 1114(2)(D)(iv). ECF No. 11 at 10. The Court granted Irving's motion for summary judgment with respect to this second claim. ECF

No. 83 at 5.

Irving asserted two counterclaims: (1) a counterclaim that Black committed cybersquatting under the ACPA, 15 U.S.C. § 1125(d); and (2) a counterclaim for declaratory relief under 28 U.S.C. § 2201 that Black violated the ACPA. *Id.* at 16–17. In response to Irving's counterclaims, Black asserted several affirmative defenses, including a Safe Harbor defense under the ACPA and a laches defense. ECF No. 28.

Beginning on June 10, 2019, the Court held a three-day jury trial on Black's claims and Irving's counterclaims. ECF No. 199 at 19. Following the trial, the jury returned a verdict in the jury's advisory capacity that Black had proven by a preponderance of the evidence Black's claim for declaratory relief that Black did not violate the ACPA. *Id.* at 22. The jury also returned a verdict that Irving had not proven Irving's ACPA counterclaim by a preponderance of the evidence, which was automatically dispositive of Irving's counterclaim for declaratory relief. *Id.* In light of this verdict, "the jury did not need to and did not reach questions regarding Black's Safe Harbor or laches defenses." *Id.* at 23.

The Court issued findings of fact and conclusions of law in the instant case on August 10, 2019. *Id.* In particular, the Court held that "the jury's verdict that found that Irving did not prove its ACPA cybersquatting counterclaim by a preponderance of the evidence was supported by substantial evidence." *Id.* at 36. As a consequence of that finding, the Court also found that "Irving did not prove by a preponderance of the evidence its counterclaim for declaratory relief that Black violated the ACPA." *Id.* Finally, the Court found that "Black proved by a preponderance of the evidence Black's declaratory relief claim that Black lacked bad faith intent and thus did not violate the ACPA." *Id.* In light of these findings, the Court enjoined Irving from its efforts to force Black to transfer the imi.com domain name to Irving, id., and directed that judgment be entered in favor of Black, ECF No. 200. The Court did not issue any findings or conclusions with respect to Black's Safe Harbor defense under the ACPA or Black's laches defense.

Black filed the instant motion for additional findings on September 9, 2019. ECF No. 205

2

("Mot."). With the instant motion for additional findings, Black now requests that the Court make the additional findings that "Mr. Black proved by a preponderance of substantial evidence that Irving's cybersquatting claim is barred both by laches and by Mr. Black's ACPA 'good faith' safe harbor defense." *Id.* at 12. On September 23, 2019, Irving opposed the motion, ECF No. 207 ("Opp'n"), and on September 30, 2019, Black filed a reply, ECF No. 208 ("Reply").

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 52(b), "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). "Motions under Rule 52(b) are primarily designed to correct findings of fact which are central to the ultimate decision; the Rule *is not intended to serve as a vehicle for a rehearing*." *ATS Prods. Inc. v. Ghiorso*, No. 10-4880, 2012 WL 1067547, at *1 (N.D. Cal. Mar. 28, 2012) (emphasis added). In other words, "Rule 52(b) motions are granted in order to correct manifest errors of law or fact or to address newly discovered evidence or controlling case law." *Id.*; *see also 700 Valencia St. LLC v. Farina Focaccia & Cucina Italiana, LLC*, No. 15-cv-04931-JCS, 2017 WL 4680069 (N.D. Cal. Oct. 18, 2017) ("Motions under Rule 52(b) are granted in order to correct manifest errors of law or fact or to address newly discovered evidence."). "Furthermore, a motion to amend a court's factual and legal findings is properly denied where the proposed additional facts would not affect the outcome of the case or are immaterial to the court's conclusions." *ATS Prods. Inc.*, 2012 WL 1067547, at *1 (citing *Weyerhaeuser Co. v. Atropos Island*, 777 F.2d 1344, 1352 (9th Cir. 1985)). "Rulings on motions to amend findings are committed to the sound discretion of the district court and will not be disturbed absent an abuse of that discretion." 9C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2582 (3d. ed. 2018).

## III.    DISCUSSION

As discussed in the foregoing, Black requests that the Court make the additional findings that Black proved by a preponderance of evidence that Black's Safe Harbor defense under the ACPA and that Black's laches defense barred Irving's ACPA cybersquatting counterclaim. Black

United States District Court
Northern District of California

files the Rule 52(b) motion "solely for purposes of assisting Ninth Circuit review in the event Irving appeals the jury verdict and/or the Court's Judgment." Mot. at 12. Black's motion suffers from at least two independently fatal defects.

First, Black utterly fails to identify any "manifest errors of law or fact," nor does Black raise the existence of "newly discovered evidence or controlling case law," that would justify amendment of the Court's findings. *ATS Prods. Inc.*, 2012 WL 1067547, at *1; *see also Gutierrez v. Johnson & Johnson*, 743 F. Supp. 2d 418, 422 (D.N.J. 2010) ("Plaintiffs do not contend that the Court committed plain error of law or fact, and do not offer any newly discovered evidence. . . . The Court declines to grant plaintiffs' motion under Rule 52(b)."). Black requests, instead, that the Court make further legal conclusions solely on the basis of the evidence that was presented at trial and that formed the basis of the Court's findings of fact. Mot. at 3–4. Indeed, the two affirmative defenses that Black invokes "were available and raised at trial, and this reason alone is sufficient to deny [Black's] Motion." *Sentinel Offender Servs., LLC v. G4S Secure Sols. (USA) Inc.*, No. 8:14-cv-298-JLS-JPRx, 2017 WL 3485781, at *2 (C.D. Cal. Mar. 22, 2017).

Moreover, the applicability of the two affirmative defenses Black invokes is immaterial to the outcome of the instant case, and this reason alone is also sufficient to deny Black's motion. *See Zuniga-Hurtado v. Holder*, No. CV-12-01927-PHX-GMS, 2013 WL 3833212, at *1 (D. Ariz. July 24, 2013) ("[A] motion to amend is properly denied where the proposed ground would not affect the outcome of the case or is immaterial to the court's conclusions."). Irving failed to prove its counterclaims by a preponderance of evidence, so any affirmative defenses that Black may have to those counterclaims are irrelevant here. ECF No. 199 at 36. Rule 52(b) simply does not provide Black with a vehicle to solicit dicta from the Court favorable to Black's position.

Second, as noted, Black files the instant motion "solely for purposes of assisting Ninth Circuit review in the event Irving appeals the jury verdict and/or the Court's Judgment." Mot. at 12. However, in opposition, Irving categorically states that "[t]here will be no appeal here." Opp'n at 4. The Court is disappointed that the parties were unable to resolve the instant motion between themselves. *See* ECF No. 208-1. Nonetheless, the Court takes Irving at its word as an

officer of the court. *See* Fed. R. Civ. P. 11(b). Because Irving has indicated that Irving will not appeal, even Black's stated, inadequate justification for the instant motion is undermined.

In light of the foregoing, the Court DENIES Black's motion for additional findings.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Black's motion for additional findings.

**IT IS SO ORDERED.**


Dated: January 9, 2020

_Lucy H. Koh_

LUCY H. KOH
United States District Judge